CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
AT ALBUQUERQUE NM
MAY - 5 2000
ROBERT M. MARCH
CLERK.

RICHARD GROSS,

    Plaintiff,

v.                                                     No. CIV-00-0370 BB/RLP

ROB PERRY, individually and in his official
capacity as Secretary of Corrections,
at the time of the cause of this action,
JOHN H. SHANKS, individually and in his official
capacity as Director of Adult Prisons Division,
WACKENHUT CORRECTIONS CORP.,
individually and in their official capacity,
JOE WILLIAMS, individually and in his official
capacity as Senior Warden of Lea County Correctional Facility,
SANDRA MCFADDEN, individually and in her official
capacity as Warden of Programs for the
Lea County Correctional Facility,
ACA COMPLIANCE LT. DEFOREST, in his individually and
in their official capacity as Officer of Compliance for the
Lea County Correctional Facility,
KATHLEN NESTOR, individually and in her
official capacity as Mental Health Director,
for the Lea County Correctional Facility,
NEW MEXICO PAROLE DIVISION, in their
individually and in their official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. The initial partial payment toward the filing fee will be waived, and for the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under

§1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts a number of claims under the Eighth Amendment. Plaintiff is confined pursuant to a conviction for, *inter alia*, aggravated sexual assault. The complaint alleges that no sex-offender treatment program is available at Plaintiff's institution, even though such programs are mandated by policy. Furthermore, Plaintiff's eligibility for parole is contingent on participation in a sex-offender treatment program. Plaintiff claims that the lack of a treatment program and his resulting ineligibility for parole constitute cruel and unusual punishment. He also claims Defendants have breached various contractual provisions relating to treatment programs. The complaint seeks injunctive relief and damages.

No relief can be granted on Plaintiff's Eighth Amendment claim for parole ineligibility. Plaintiff's allegations fail to make the threshold showing of "relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), because under New Mexico law, parole is discretionary and not mandatory. *Candelaria v. Griffin*, 641 F.2d 868, 870 (1981); *cf. Maghe v. Koch*, No. 96-7060, 1997 WL 76014, at **3 (10th Cir. 1997) (discussing Oklahoma's discretionary parole system). As a

result, Plaintiff's "dissatisfaction with the parole board's reasons for denying his application is not actionable." *Candelaria*, 641 F.2d at 870. Parole is simply a continuation of Plaintiff's sentence, *Aragon v. Shanks*, 144 F.3d 690, 692 (10th Cir. 1998), and his confinement does not become "cruel and unusual" as a result of his ineligibility for parole. This claim will be dismissed.

Plaintiff's claims for breach of contract, whether construed as Eighth Amendment claims for failure to provide necessary medical treatment or as Due Process claims for denial of rehabilitative programs, will also be dismissed. To support a medical claim, Plaintiff must allege both that the pain or deprivation he suffered was sufficiently serious and that the Defendants acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). His allegations that he is a convicted sex offender and is being denied treatment do not meet either requirement. *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996). Furthermore, without a statutory entitlement or specific constitutional right at stake, rehabilitative programs are not secured by the Due Process Clause. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 87 n.9 (1976); *Christensen v. Zavaras*, No. 98-1096, 1998 WL 796123, at **2 (10th Cir. 1998). Plaintiff's complaint will be dismissed.

IT IS THEREFORE ORDERED that the initial partial payment toward the required filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint be DISMISSED; all pending motions are DENIED as moot; and a form of judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE

3